# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL ANTHONY EDWARDS,<br><br>Defendant. | Case No. CR11-2022<br><br>ORDER FOR PRETRIAL DETENTION |

On the 27th day of April, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Marti Sue Sleister. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On April 20, 2011, Defendant Paul Anthony Edwards was charged by Indictment (docket number 2) with being an unlawful drug user in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 20, 2011.

Waterloo Police Officer David McFarland testified regarding the circumstances underlying the instant charges. On November 19, 2010, police officers went to Defendant's residence to execute an arrest warrant for Defendant. Officers searched Defendant and found two baggies with the corners ripped off on his person.[1] The officers received consent from the co-lessee of the residence to search the apartment. Defendant told the officers that there was a handgun in the apartment. The officers found a loaded .40 caliber handgun in

---

[1] Based on their training, the police officers reasoned that the baggies were involved with drug use.

1

the kitchen above the refrigerator. The officers also detected the odor of burnt marijuana, and found a small amount of marijuana and drug paraphernalia, including a digital scale.

The police officers interviewed Defendant. He stated that he found the handgun, but later admitted that he purchased it from the co-lessee's mother. Defendant also admitted smoking marijuana 30 minutes prior the officers' arrival at his residence. Defendant told the officers that he smoked marijuana almost daily, and sometimes smoked marijuana laced with crack cocaine. A urine analysis taken from Defendant returned positive for marijuana.

According to the pretrial services report, Defendant is 25 years old. Defendant was born and raised in Chicago, Illinois. His mother and sister reside in Chicago. His brother resides in Waterloo, Iowa. Defendant moved to Waterloo in or around 2006 or 2007. Defendant has never been married and he has no children. At the time of his arrest, he resided with his girlfriend in a residence owned by his girlfriend's mother.[2]

Defendant has been unemployed since he moved to Waterloo four or five years ago. Prior to moving to Waterloo, he worked at a construction job for two months in Chicago. He has no serious physical or mental health problems. Defendant stated that he started using marijuana when he was 12 or 13 years old, and has used it every one to two days since that time. Defendant also told the pretrial services officer that he may have used marijuana laced with cocaine once a few months ago.

In 2003, at the age of 17, Defendant was charged in separate instances of possession of marijuana and criminal trespass to a vehicle. The marijuana possession charge was stricken from the docket with leave to reinstate, and the criminal trespass to a vehicle charge was not prosecuted.

On October 16, 2004, Defendant was charged and later convicted of manufacturing or delivering marijuana near a school. Judgment was withheld in this matter, and Defendant was given 1 year supervision.

---

[2] Both his girlfriend's 15-year-old sister and his girlfriend's mother also live at the residence.

On May 20, 2007, Defendant was charged and later convicted of harassing a public official. On September 4, 2007, Defendant was charged and later convicted of disorderly conduct. On May 22, 2009, Defendant was charged and later convicted of fifth degree theft.

On November 9, 2010, Defendant was charged with wilful injury causing bodily injury. According to the pretrial services report, Defendant was involved in an altercation with an individual at a club in Waterloo.[3] After being ejected from the club, Defendant and the individual continued to fight. Defendant allegedly pulled a knife and the individual tried to flee. Defendant allegedly chased the individual and stabbed him multiple times in the back.[4] Defendant was also charged in separate cases with possession of drug paraphernalia and possession of a controlled substance. These charges apparently arise from Defendant's arrest and the search of his residence on November 9, 2010. All three charges remain pending in state court.

On January 7, 2011, while on release on bond for the wilful injury, possession of drug paraphernalia, and possession of a controlled substance charges, Defendant was charged with eluding. According to the pretrial services report, police officers observed Defendant speeding out of a parking lot. The officers attempted to stop the vehicle, but Defendant continued driving until stopping in the front yard of a residence. Defendant fled from the vehicle on foot, and refused to comply with the officers' orders to stop. Defendant was found a short time later. Defendant was also charged with interference with official acts as a result of the same incident. Both charges remain pending in state court.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the

---

[3] The report says the incident occurred "on the above date," but the testimony established the fight occurred on November 7, 2010.

[4] At the hearing, Officer McFarland testified that there are witnesses who will testify to the allegations in the wilful injury charge, but there are also witnesses who will testify that Defendant did not stab anyone with a knife.

3

United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being an unlawful drug user in possession of a firearm, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v.*

*Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being an unlawful drug user in possession of a firearm. The weight of the evidence against Defendant is strong. Prior to the search of his residence, Defendant admitted to police officers that there was a handgun in his apartment. In their search, the officers found a handgun. In an interview with the officers, Defendant initially claimed that he found the handgun, but later admitted that he purchased it. Defendant also admitted smoking marijuana before the officers arrived at his apartment. A urine sample taken from Defendant tested positive for marijuana.

While Defendant has some ties to Iowa, he also has ties to Chicago. He was born and raised in Chicago, and his mother and sister live in Chicago. Additionally, Defendant is unemployed and has never been employed while living in Iowa. The charge against Defendant is serious; the Court believes the combination of drugs and guns is a dangerous combination. Additionally, it is alleged in a wilful injury charge that remains pending in

state court, that Defendant violently stabbed another individual. There is also evidence that while on pretrial release for the November 2010 wilful injury charge and other state charges, that Defendant attempted to flee from police in an unrelated minor matter. The Court is also concerned that Defendant is a regular user of marijuana since he was 12 or 13 years old. Even after Defendant was arrested on November 9, 2010, he continued to regularly use marijuana. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Based on all the facts and circumstances, including Defendant's alleged violent conduct, continued regular marijuana use, and attempt to flee from police while on pretrial release, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    4.    The time from the Government's oral motion to detain (April 25, 2011) to the filing of this Ruling (April 29, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 29th day of April, 2011.

*[signature]*

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA